*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARGARET BARNOWSKI,

UNPUBLISHED
May 20, 2021

Claimant-Appellant,

v

No. 344917
Livingston Circuit Court
LC No. 17-000079-AE

CLEARY UNIVERSITY and UNEMPLOYMENT
INSURANCE AGENCY,

Appellees.

ON RECONSIDERATION

Before: GADOLA, P.J., and GLEICHER and STEPHENS, JJ.

PER CURIAM.

Margaret Barnowski worked part-time at Cleary University and quit to accept full-time employment at Advanced Medical Solutions. When she was fired from Advanced Medical, Barnowski applied for unemployment compensation benefits with the Michigan Unemployment Insurance Agency (UIA). The UIA denied Barnowski's benefit claim. Barnowski's protest of the denial was late. An administrative law judge (ALJ) and the Michigan Compensation Appellate Commission (MCAC) concluded that she had not established good cause for her late protest, and the circuit court affirmed.

We affirmed the circuit court. *Barnowski v Cleary Univ*, unpublished opinion per curiam of the Court of Appeals, issued July 30, 2020 (Docket No 344917) (*Barnowski I*). Barnowski moved for reconsideration, asserting that our opinion contained significant legal and factual errors. We granted the motion for reconsideration and vacated our July 30, 2020 opinion. We now conclude that the MCAC erred as a matter of law by denying Barnowski a hearing on the merits of her appeal. Accordingly, we reverse and remand for further proceedings.

## I. MISTAKES ARE TEACHING MOMENTS

Conventional wisdom holds that we learn from our mistakes. In her motion for reconsideration, Barnowski pointed out two mistakes in our initial opinion. Her brief helped us to

acquire a more accurate understanding of the facts and the legal issue at the core of this case. On reconsideration, we agree that Barnowski should prevail.

## A. BACKGROUND FACTS, CORRECTED

As explained above, Barnowski had two employers in succession: Cleary University and Advanced Medical. She premised her claim for unemployment benefits on the termination of her employment from Advanced Medical. Barnowski filed a single application for benefits, in accordance with UIA procedure. In response, she received two notices. The first identified the involved employer as "Cleary University" and stated that Barnowski was "disqualified for benefits." The second, dated two days later, identified Advanced Medical as the involved employer and informed Barnowski that she was "not disqualified for benefits." Barnowski assumed that because her claim focused on Advanced Medical rather than Cleary, the Advanced Medical determination controlled. She interpreted the second letter as having superseded the first and took no further action. Only after the 30-day appeal window closed did she learn that the first notice was dispositive and started the appeal clock running.

Barnowski filed a request for a redetermination of her claim in the UIA, which was denied because it was late. She appealed that decision administratively. An ALJ determined that Barnowski had not established good cause for her late protest, the MCAC affirmed the ALJ, and the circuit court affirmed the MCAC. All three entities concluded that Barnowski lacked good cause for filing an untimely request for redetermination.

Barnowski filed an application for leave to appeal in this Court, which we denied for lack of merit in the grounds presented. She then filed an application for leave to appeal in the Michigan Supreme Court, which remanded the case to this Court for consideration as on leave granted. *Barnowski v Cleary Univ*, 504 Mich 893 (2019).

## B. BARNOWSKI'S LEGAL ARGUMENT AND THE GOVERNING LAW

From the start of these proceedings, Barnowski has contended that she had good cause for her late appeal because the UIA's notices were unreasonably confusing. Her argument rests on a provision of the Mich Admin Code, R 421.270(1)(e), which provides that good cause for entertaining a late appeal exists "[i]f an interested party fails to receive a *reasonable* and timely notice, order, or decision." (Emphasis added.) Our own error in understanding the two notices and the process that generated them demonstrates that Barnowski's claim has merit. We now hold that the manner in which the UIA communicated its decision to Barnowski was unreasonable as a matter of law.[1]

Several important legal principles underly our holding.

---

[1] We review de novo the circuit court's application of legal principles in reviewing an administrative decision, including matters of statutory interpretation. *Mericka v Dep't of Community Health*, 283 Mich App 29, 36; 770 NW2d 24 (2009).

First, the Michigan Employment Security Act (MESA), MCL 421.1 *et seq.*, was intended "for the benefit of persons unemployed through no fault of their own . . . for the public good, and the general welfare of the people of this state." MCL 421.2(1). Courts should interpret MESA and its provisions liberally to give effect to this remedial legislation. *Laya v Cebar Constr Co*, 101 Mich App 26, 34; 300 NW2d 439 (1980). The Legislature allocated to the Bureau of Worker's and Unemployment Compensation the responsibility to "promulgate rules and regulations that it determines necessary, and that are not inconsistent with this act, to carry out this act." MCL 421.4(1).

A decision that benefits are owed to an individual, or that an individual is disqualified from receiving benefits, is called a determination. MCL 421.27(a)(1). If a claimant disagrees with a determination, she can request a redetermination. MCL 421.32a(1). A redetermination request must be made within 30 days after the mailing of the determination notice. *Id*. The UIA may also seek a review of its own decisions and is bound by the same time limit. *Id*.

The UIA must review timely challenges to its determinations and must issue a reasoned redetermination affirming, modifying, or reversing the prior determination, or it may transfer the matter to an ALJ for a hearing. *Id*. For "good cause," the UIA may reconsider a determination or a redetermination after the 30-day period has expired. MCL 421.32a(2). "Good cause" for reconsideration of a determination after the 30-day period has expired includes the failure of the UIA to provide "a reasonable and timely notice, order, or decision." Mich Admin Code, R 421.270(e).

## C. OUR ERROR

Our original opinion stated: "Claimant filed a single claim with the Michigan Unemployment Insurance Agency (UIA) seeking unemployment benefits from Cleary University." *Barnowski I*, slip op at 1. This statement was erroneous, as Barnowski actually sought benefits from Advanced Medical. In response, Barnowski received *two* notices, one declaring her disqualified, and the second announcing that she was "not disqualified." We erred again by stating that the second notice identifying Advanced Medical as the employer was "clearly unrelated" to Barnowski's unemployment benefit claim. *Id*. at 3. In fact, just the opposite was true—the employer at issue was Advanced Medical.

Furthermore, our original opinion rested on the premise that the notices were reasonable because a reader could and should have recognized that they had different case numbers and discussed different statutory provisions, and therefore required different levels of attention. We now recognize that while the substance of the notices *may* have been understood by an attorney specializing in the unemployment compensation realm, the notices did not reasonably inform a claimant of the substance of the UIA's decision.

## II. RESOLVING THE MISUNDERSTANDINGS

Our confusion about the notices exposed a legal reality: the notices were confusing, even to three Court of Appeals judges. Like Barnowski, we concluded that the notice involving Cleary University (stating that Barnowski was disqualified) did not matter, when in fact it was the dispositive notice. Barnowski understood that the second notice, involving Advanced Medical

-3-

and finding her "not disqualified," meant that she would receive benefits. This was an eminently reasonable conclusion, given that Advanced Medical was the targeted employer and the positive notice followed the negative one, suggesting that the UIA recognized that benefits were due based on Advanced Medical's allegedly improper termination of Barnowski's employment.

In our initial opinion we found the two notices "reasonable" because "the notices were not contradictory and had unique characteristics." *Id*. at 3. We pointed out that "the notices clearly listed different case numbers and discussed different statutory provisions," and that even had Barnowski "overlooked the nuances of these identifiers, the body of each message clearly indicated that the notices pertained to different employers." *Id*. We further admonished that "to the extent that the messages confused claimant, the UIA provided a phone number that claimant could call if she had questions." *Id*.

These lawyerly distinctions (also pointed out to us by the UIA) do not address the salient question: did the notices reasonably inform Barnowski that she had been denied unemployment compensation benefits? The UIA has not explained why a *claimant* should understand the legal rationale for two notices with two different case numbers, or why a claimant should be expected to look up the statutory texts cited in the notices in order to comprehend their contents. The UIA's brief on appeal offers the following argument in this regard:

> To qualify for unemployment benefits a claimant must have sufficient wages in a base period, and the Agency must notify each base-period employer and the separating employer that a claim has been filed. MCL 421.32(b). *All* employers from this base period are charged a portion of benefits paid to a claimant, not just the one that separated the claimant's employment right before their claim. See MCL 421.20(b). Thus, if a claimant has numerous employers in the year leading-up [sic] to their claim, there are numerous employers who may be interested parties in a claimant's unemployment claim. Likewise, the MES Act contains numerous disqualification provisions that could arise in a case based on information from any of the base period employers. See MCL 421.29(1); MCL 421.32(c). Recognizing that multiple disqualifying issues could arise within a single benefits claim, the MES Act requires the Agency to issue separate decisions on disqualifying issues: "the unemployment agency *shall* issue 1 or more nonmonetary determinations necessary to establish the claimant's qualification for benefits based on any prior separation in inverse chronological order." MCL 421.32(c) (emphasis added). Thus, a claimant may not be disqualified on Issue X related to Employer A, but could be disqualified on Issue Y related to Employer B. And once the Agency makes those determinations, it has to send them to claimants. That is what the Agency did here with the September 27 and 29, 2016, determinations.

After careful contemplation, we understand the UIA's point. But it misses the crux of the question presented, which is whether the notices sent to Barnowski reasonably informed her that her unemployment benefit claim had been denied. That two notices were statutorily required did not prevent the UIA from providing an explanation (in plain English) regarding why she received

two notices for one claim, and what they meant.[2]  The UIA failed to inform Barnowski in either notice that unless both determinations were positive, she was ineligible for benefits.

Barnowski reasonably concluded that the second notice controlled because the UIA failed to reasonably inform her otherwise.  Accordingly, good cause for her late appeal was established.

We reverse the circuit court and remand to the UIA for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Elizabeth L. Gleicher
/s/ Cynthia Diane Stephens

---

[2] The Legislature has apparently attempted to remedy this problem.  See MCL 421.32(c), which now provides in relevant part:

> Notwithstanding any other provision of this act, beginning May 1, 2020, and until the effective date of the amendatory act that added this subsection, in determining a claimant's nonmonetary eligibility to qualify for benefits, the unemployment agency shall not issue a determination with respect to the claimant's separation from a base period or benefit year employer other than the separating employer, and the unemployment agency shall consider the claimant to have satisfied the requirements of [MCL 421.29(2) and (3)].